## AGNES J. MAZEY v. WILLIAM A. LOVELAND.[1]

### June 2, 1916.

### Nos. 19,746—(120).

**Duty of landowner to warn licensee upon premises.**

> Plaintiff was upon the premises of defendant at his invitation for the transaction of certain business with him; upon the completion of her mission and in taking her departure therefrom, instead of passing down the walk extending from the building to the street, she cut across the yard and came in contact with a wire stretched along the outer edge of the premises by defendant to keep persons from trespassing upon the lawn, and was injured. It is *held* that on leaving the premises in the manner stated plaintiff became a mere licensee, took the premises as she found them, and defendant was under no legal duty to warn her of the presence of the wire even though he observed her going in the direction of the same.

Action in the district court for Hennepin county to recover $10,000 for personal injury received in passing from defendant's house to the street and $500 for expenses incurred. The answer alleged that at the time of the accident plaintiff was in the employ of a corporation and engaged in the performance of the duties of her employment on behalf of the corporation and that both she and the corporation had duly accepted the provisions of the Workmen's Compensation Act and were subject to the provisions thereof. The case was tried before Fish, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Louis A. Hubachek* and *William A. Tautges,* for appellant.

*Benton & Morley,* for respondent.

[1]Reported in 158 N. W. 44.

Note.—As to whether one who goes upon property on business with the owner is deprived of the right to protection against defects by the fact that he temporarily turns aside to pursue a purpose of his own, see note in 14 L.R.A.(N.S.) 1118.

BROWN, C. J.

Defendant's residence is situated at the corner of Sheridan avenue and Kenwood boulevard in the city of Minneapolis. The plot of ground on which the building stands is several feet above the grade of the adjoining streets, and is terraced in the usual manner. At the top of the terraced embankment defendant had stretched a wire parallel with Sheridan avenue at a height of about two feet, supported by gas pipes driven into the ground. The purpose of this evidently was to keep persons from crossing the yard lawn. On the evening of May 20, 1914, plaintiff called at the residence of defendant for the purpose of estimating the cost of certain floral decorations to be placed in the home for an approaching wedding. She was taken to the place by her husband in his automobile, and entered the premises by the usual walk extending to and from the boulevard. During the time plaintiff was occupied in estimating the cost of the decorations, the husband had driven the automobile to a point near the house on Sheridan avenue, and there awaited her return. There was no passageway from the house to Sheridan avenue, where the automobile was in waiting, and, instead of passing down the walk by way of which she entered the premises and then around the corner to the automobile, plaintiff cut across the lawn, tripped over the wire above referred to and was thrown and injured. She thereafter brought this action to recover for her injuries, alleging as a basis thereof that defendant was present at the time plaintiff started across the lawn toward the waiting automobile; that he observed her movements in this respect, knew of the presence of the wire, and was under legal duty and obligation to warn her of its presence and of the danger of coming in contact therewith; that he negligently failed to perform that duty, and permitted her to proceed and suffer the injury complained of. The action was dismissed on the trial below, and plaintiff appealed from an order denying a new trial.

The evidence fully justifies the conclusion that plaintiff was at the residence of defendant at his invitation and for the purpose heretofore stated. During the time she was so engaged defendant owed her the affirmative duty of protection from injury likely to occur from defects in that part of his premises to which she was entitled to access under her invitation. But in taking her departure from the premises the moment she elected to cross the lawn, instead of passing down the walk leading to the street,

she became a mere licensee and such affirmative duty of protection ceased; defendant was under no obligation to guard and protect her while thus leaving the premises. This is well settled law. 29 Cyc. 452.; Fredenburg v. Baer, 89 Minn. 241, 94 N. W. 683; Walker v. Winstanley, 155 Mass. 301, 29 N. E. 518; Hunnewell v. Haskell, 174 Mass. 557, 55 N. E. 320; Rooney v. Woolworth, 74 Conn. 720, 52 Atl. 411; Peake v. Buell, 90 Wis. 508, 63 N. W. 1053, 48 Am. St. 946; Kinney v. Onsted, 113 Mich. 96, 71 N. W. 482, 38 L.R.A. 665, 67 Am. St. 455. The presence of the wire was not inherently dangerous. Such barriers are usual and frequently erected in this or some other form to prevent passage over private lawns, though the purpose of the wire is not here material. And even though defendant was present and observed plaintiff in the act of crossing the lawn, there was no duty on his part to advise her of the presence of the barrier. It was not so dark that the wire could not have been seen by the exercise of ordinary care, and the facts shown in the record are not sufficient to justify the conclusion that defendant knew or had any reason to believe that if plaintiff continued across the lawn she was at all liable to trip or fall over the wire. The case of Dupue v. Flatau, 100 Minn. 299, 111 N. W. 1, relied upon by plaintiff, is clearly distinguishable in its facts and therefore not here in point. In that case the affirmative act of defendants, which exposed plaintiff to injury, was the basis of the decision. No such affirmative action on the part of defendant appears in the case at bar. There is no claim that he suggested that plaintiff might cross the lawn, and if he was aware of her intentions in this respect it may fairly be assumed that he at least mentally protested against it; that would be the natural thing to do by a property owner who has taken precautions against trespassing of that kind.

We hold therefore that the learned trial court rightly dismissed the action.

Order affirmed.