GUSTAV LUTVIN, PLAINTIFF, v. JOHN DOPKUS, DEFENDANT.

ANTHONY MARTIN, PLAINTIFF, v. JOHN DOPKUS, DEFENDANT.

Submitted July 3, 1919—Decided January 19, 1920.

The only legal obligation to licensees is that of refraining from the perpetration of acts wantonly or willfully injurious.

---

On rule to show cause, Union Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiffs, *Stamler & Stamler.*

For the defendant, *Kalisch & Kalisch.*

The opinion of the court was delivered by

MINTURN, J.   The parties to these controversies were members of a social organization, which held a celebration at Staten Island, on July 7th, 1918.   The defendant who was the owner of an automobile, and who resided on Staten Island, was requested by the plaintiffs to convey them in his machine to the celebration, which he did, and while returning in the night, and as plaintiffs allege, while proceeding at a high rate of speed, the car driven by defendant overturned, and the plaintiffs were thereby injured, and these suits were instituted to recover damages for the resulting injuries.   A jury in the Circuit Court rendered a verdict in favor of the defendant, in the face of a charge which imposed liability in the absence of due care.   From that determination this rule was taken by the plaintiffs who seek to vacate the verdict.   The legal question presented as well on the motion to direct a verdict as upon a motion to nonsuit, raises the question of the defendant's liability, under the conceded circumstances of the case; the insistence being that the plaintiffs were mere licensees to whom defendant owed only the duty of refraining from the perpetration of an act willfully injurious.

The court charged the jury favorably to the plaintiffs' contention, viz., that the duty imposed by law upon the defendant was that resulting from the status of invitees to whom the duty of due care was owing.   We think that conception of the situation was erroneous.

The conceded fact is that they solicited the defendant as brother members of the organization, for the use of his automobile to take them to the picnic grounds and return.

The act of the defendant in acceding to their request possessed none of the elements of a contract, and involved no element of invitation which can bring it within the rule of law applicable to a passenger upon a railway train or a hired bus or to those cases of express or implied invitation upon

which reliance is placed in the appellant's brief, and which involve as a consequence of the legal relationship thus established the application of the rule of due care.

The legal status of the plaintiffs here exhibited is that of licensees to whom the only legal obligation imposed is that of refraining from the perpetration of acts wantonly or willfully injurious. *Phillips* v. *Library Co.*, 55 *N. J. L.* 307; *Guinn* v. *Delaware and Atlantic Telephone Co.*, 72 *Id.* 276; *Coyne* v. *Pennsylvania Railroad*, 87 *Id.* 257; *Higgins* v. *Goerke-Krich Co.*, 91 *Id.* 464; 20 *R. C. L.* 137, and cases cited.

The verdict being for the defendant, the result attained was in conformity with the legal rule applicable to the situation, and therefore will not be disturbed, although contrary to the charge of the court, which was based upon a misconception of the legal status of the parties, under the rule of law to which we have adverted.

The rule to show cause will therefore be discharged.