HENRY GRABAU, a Minor, by Andrew Grabau, His Guardian, Appellant, v. WILLIAM PUDWILL and Mary Pudwill, Respondents.

(178 N. W. 124.)

**Negligence — automobile driver's negligence as to gratuitous guest on running board held question for jury.**

1. Where the evidence shows that a boy, fourteen years of age, climbed upon

NOTE.—For authorities discussing the questions of liability of owner or operator of automobile for injury to guest, see notes in 50 L.R.A.(N.S.) 1100; L.R.A.1916E, 1190, and L.R.A.1918C, 276.

the running board of defendants' automobile, and with their knowledge and and implied consent remained thereon during a trip on a country road, for a distance of between 6 and 7 miles, when the automobile, at a curve in the road, left the road and collided with a wire fence, and one leg of the boy was so lacerated and torn, that it was required, later, to amputate the same, it was error for the trial court to direct a verdict for the defendants and to refuse to submit the question of defendants' negligence to the jury; and this, though there were no proof, against the defendants of active negligence.

**Negligence — automobile driver's negligence as to boy on running board held question for jury.**

2. In view of the youth of plaintiff, the nature of the acts causing the injury, and the attendant circumstances and conditions accompanying such acts, proof of which appears in the evidence, the question of defendants' negligence was one for the jury.

Opinion filed May 10, 1920.

Appeal from a judgment of the District Court of Burleigh County, Honorable *W. L. Nuessle,* Judge.

Reversed and remanded.

*E. T. Burke,* for appellant.

The defendants owed to plaintiff a duty that the ordinary common carrier owes to its guest. Johnson v. Coey, 237 Ill. 88, 21 L.R.A. (N.S.) 81 and note; Routlidge v. Rambler Automobile Co. 95 S. W. 749; Perkins v. Galloway (Ala.) L.R.A.1916E, 1190; Gresh v. Wannamaker, 221 Pa. 28; Burnham v. Central Automobile Exch. (R. I.) 67 Atl. 429; Jacobs v. Jacobs (La.) L.R.A.1917F, 253, 74 So. 992.

It was negligence upon the part of the defendants to allow the boy to ride upon the running board of the car where he was exposed to danger. Ward v. International R. Co. 206 N. Y. 83; Anderson v. City R. Co. 42 Or. 505; Henderson v. Nassau R. Co. 46 App. Div. 280; McLunty v. Street R. Co. 64 Ill. App. 549, 166 Ill. 203; Bumbaer v. Market Street R. Co. 139 Cal. 268, wherein it is said:

"Under these circumstances great care was imposed upon those charged with its operation to see that injury was not inflicted." Siglin v. Armour & Co. 103 Atl. 991.

The matter of the defendants' negligence should have been submitted to the jury. See 20 R. C. L. p. 188, ¶ 157; 5 R. C. L. p. 74, ¶ 713; Galveston v. Gracha, 100 S. W. 198; See also 29 L.R.A. p. 811, note heading, "Derailments," also L.R.A.1916C, 364.

*G. M. Gannon* and *H. W. Platt,* for respondents.

The liability of the operator of an automobile to a guest is not the same at all as the liability of a common carrier to a passenger. Beard v. Klusameier, 50 L.R.A.(N.S.) 1100; Patnode v. Foote, 138 N. Y. Supp. 221; Massalette v. Fitzroy (Mass.) Ann. Cas. 1918B, p. 1088.

It is not the act of permitting the injured party to ride the platform or footboard which is negligence, but it is necessary to show some act of neglect in the operation of the vehicle which resulted in the injury. Patterson v. Transit Co. (Pa.) 12 L.R.A.(N.S.) 839; Cap. Traction Co. v. Brown (D. C.) 12 L.R.A.(N.S.) 831 and note.

Negligence is a failure to exercise the degree of care demanded by the circumstances. N. D. Comp. Laws 1913, § 10358; Zilke v. Johnson, 22 N. D. 75, Ann. Cas. 1913E, 1005.

No presumption of negligence on the part of a driver of an automobile arises from the mere fact that he runs down and injures a pedestrian on a public street. Mellsape v. Brogden (Ark.) 32 L.R.A.(N.S.) 1177, and note.

The following cases are in point as to the application of the doctrine *"res ipsa loquitur."* Bien v. Unger, 64 N. J. L. 596; Read Sterme v. Ontario Spinning Co. 184 Pa. 519, 3 Am. Neg. Rep. 485; 12 S. D. 397, 81 N. W. 725; 117 Ga. 106, 43 S. E. 443; Sestt v. London Dock Co. 3 Hurlst. & C. 596; Kletschka v. Minn. & St. L. R. R. 8 Minn. 238, 8 Am. Neg. Rep. 68; Croarke v. Maerulee, 56 App. Div. 61, 11 Am. Neg. Rep. 49; Duhme v. Hamberg Am. P. Co. 184 N. Y. 404, 20 Am. Neg. Rep. 161; May Bclle Rhe v. Minn. St. R. Co. 111 Minn. 271, 126 N. W. 823.

GRACE, J. This is an action of the plaintiff, by his guardian, to recover damages for personal injury alleged to have been caused by the defendants in the negligent operation of certain Ford automobile, being driven by her son, William Pudwill.

The complaint is in the ordinary and usual form in that class of actions. It sets forth the alleged carelessness and negligence of the defendants, and the facts, generally, upon which a cause of action is based.

The material facts are as follows: The plaintiff is a boy about fourteen years of age. Mary Pudwill was the owner of the car. She is

the mother of William Pudwill, who is about twenty-six years of age, and was driving the car on the day of the injury to the plaintiff.

The plaintiff and defendants lived on adjoining farms, and were well acquainted. Henry Grabau was temporarily staying in Wishek, North Dakota, where he was preparing himself for confirmation in the Lutheran Church. He had been staying in town about two years, attending school. He was attending the confirmation school of the Lutheran Church. Prior to that time he had lived upon the farm.

On the day he received his injury, it appears the Baptists were holding immersion services at a small lake, about 8 miles southeast of Wishek.

The plaintiff was standing on the street in Wishek, in front of his temporary residence, when the defendant and the three younger Pudwill girls drove up in a Ford car, and stopped. One of the girls went into the house.

While the car was thus stopped, the plaintiff stepped upon the running board and had some conversation with William Pudwill, who was driving the car.

The plaintiff asked where they were going, and was told, "To the lake." Within a short time, the defendants and the other children who were with them, proceeded on their way to the lake, the defendant, William Pudwill, driving the car. The plaintiff maintained his place on the running board.

Before leaving town, the defendant, William Pudwill, stopped the car and asked the plaintiff if he did not want to get down. The plaintiff replied that he wished to go to the lake, and the journey towards the lake was continued.

Between 6 and 7 miles from town, there is a curve in the road, and, at this point, the car left the road, ran some distance, perhaps 40 feet, and collided with a barbed wire fence. The plaintiff, who was still standing on the running board, was caught between the car and the fence, and his left leg was so severely injured as to necessitate its amputation, which was within a short time performed.

There is no evidence to show what caused the car to leave the track, nor to show that the car was broken or in bad condition.

There is no evidence of excessive or reckless speed. There is some evidence from which the inference might be drawn, that William Pud-

will was an inexperienced driver, the car in question having been pur-
chased only about a month before the accident; and there is no evidence
to show that he had ever had any experience in driving any car, except
this one.

The defendants at no time asked the plaintiff to get into the car.

The answer of the defendants is a general denial, excepting as to
certain admissions which appear in the answer. Defendants further,
in substance, plead, that plaintiff, without the consent, and against the
wishes, of defedants, jumped upon the automobile, and sought to ride
with them on their journey.

The further plead that they twice ejected him from the automobile,
but that the plaintiff again mounted the same, and attempted to ride
with them. Defendants offer no proof of such ejectments.

The defendants show by their answer that the automobile became
unmanageable, and that control of the same was lost, and that it col-
lided with the wire fence, in which collision the plaintiff was injured.
They plead contributory negligence of the plaintiff, and further allege
due care and caution in themselves, in the operation of the automobile.

The defendants offered no evidence, but, at the close of plaintiff's
case, made a motion for a directed verdict, on the ground that no negli-
gence of the defendants had been proven, which motion was granted.

The granting of this motion, and the refusal of the court to submit
the case to the jury, are the only errors assigned, and may be consid-
ered together.

The plaintiff submits four propositions upon which he relies. First,
that the plaintiff was a guest of the defendants, by sufferance, at least,
Second, that the defendants owed to him a duty that any common car-
rier owes to its guest. Third, that it was negligence upon the part of
the defendants to allow the boy to ride upon the running board of the
car, where he was exposed to danger. Fourth, that the fact that the
car left the road a distance of 40 feet, and collided with a barbed wire
fence, is evidence of negligence upon the part of the defendants, even
though plaintiff is unable to state how the car came to leave the road.

The first of these propositions, we are inclined to think, needs little
consideration. The plaintiff received no invitation to ride upon the
car.

Yet, the defendants knew all the time, that he was upon the running

board of the car. He was in plain sight. He was a guest of the defendants, by sufferance. It is true, that he was a gratuitous guest, but this, alone, is not sufficient to relieve the defendants from, at least, the exercise of ordinary care for his safety. In fact, we can see but little difference between defendants' duty toward him as a gratuitous guest, after they acquired full knowledge of his presence on the running board, than if they had, in the first instance, invited him as their guest.

The defendants, however, contend, before there can be any liability on their part, it must appear that they were guilty of active negligence. We do not think that rule should be applicable to a case of this character.

If there is any evidence of negligence, such that the minds of reasonable men might draw from it different conclusions, it should have been submitted to the jury. We think there was such evidence.

It appears there is sufficient evidence to show that the defendants permitted the plaintiff to ride upon the running board of the car; at least, they acquiesced in his riding there; and especially is this true, after they had left town, and before the injury happened, on their journey to Green Lake. We think there is no dispute upon this point.

It is also clear the boy was very young. This was an additional reason, imposing the exercise of greater care on the defendants in the operation of the automobile than if he were one of more mature years. To permit a boy of such tender years to assume and maintain a position of danger on the whole journey, a large part of which was over country roads, is substantial evidence to show, prima facie, the negligence of the defendants.

In this case, we think, also, that the facts speak for themselves, and are evidence so substantial in character and degree, as to show, prima facie, negligence of the defendants.

The facts are undisputed that there was a curve in the road, and, shortly after passing it, the automobile jumped from the road, and ran approximately 40 feet to one side into a wire fence, and the injury occurred which has above been described.

It is true there is no evidence of the active or wilful negligence of the defendants; but the injury, nevertheless, occurred. It may not have been caused by fast or reckless driving, nor defect in the steering gear,

nor some obstruction or defect in the road; but, evidently, there was some cause for it.

In these circumstances, we think the principle of *res ipsa loquitur* is applicable. We think it is sufficient to make out a prima facie case of negligence against the defendants, to such an extent as to make the question of defendants' negligence one for the jury. Cincinnati Traction Co. v. Holzenkcamp, 6 L.R.A.(N.S.) 800, and case note (74 Ohio St. 379, 78 N. E. 529, 113 Am. St. Rep. 980, 20 Am. Neg. Rep. 186).

It is the nature of the act, and the attendant circumstances and conditions, and not the nature of the relations between the parties, which gives rise to the presumption of negligence.

The doctrine of probabilities also, perhaps, has some application. It is probable that the defendant was driving at quite a high rate of speed, considering his inexperience as a driver; that he did not use proper care in the management of the car and lost control of it; that, if he had managed the car with due care, the injury would not have happened. And from these probabilities arises a presumption of the want of due care, or, in other words, the negligence of the defendants.

The defendants must be held to have known that which is common knowledge. Hence they must have known that country roads generally are not smooth; that they are often defectively constructed, or that there are ruts and holes in them, or culverts, too much elevated or depressed, imperfect and dangerous grades and curves; and they must have known, in traveling thereon in an automobile, even though the speed is not excessive, that it would be dangerous for one of tender years, as this boy, to stand upon the running board, while the car was being driven over such roads; for, under such conditions, there is always danger of the automobile jumping from the road, by reason of the ruts, holes, or defects above mentioned, and colliding with obstacles that may be near at hand, such as wire fences, telegraph or telephone poles, or any other obstruction; and, in such case, control of the car is lost.

It is plain that, if the defendants, at the inception of the journey, had stopped their car and compelled the boy to have gotten off the car and remained off, which they had a perfect right to do, or if they had taken the boy into the car, no injury to him would have occurred.

All the evidence and these conditions taken together, we think, would

prima facie show negligence on the part of the defendants to such an extent that whether they were negligent or not presented a question which should have been submitted to the jury for its determination.

We have examined, with care, the authority cited by respondent, including the classification of our statute, of the degrees of negligence, and the case of Massaletti v. Fitzroy, 228 Mass. 487, L.R.A.1918C, 264, 118 N. E. 168, Ann. Cas. 1918B, 1088, 18 N. C. C. A. 690, and find nothing therein which would cause us to reach a conclusion different to that at which we have arrived.

We think it was reversible error for the court to direct a verdict for the defendants, and to refuse to submit the question of their negligence to the jury. For these reasons, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

The appellant is entitled to his costs and disbursements on appeal.

BRONSON, J. I concur in the result.

ROBINSON, J. I dissent.

CHRISTIANSON, Ch. J. (concurring specially). The trial court directed a verdict in favor of the defendant on the ground that plaintiff had failed to establish any actionable negligence on the part of the defendant. In view of the youth of the plaintiff, and all the attendant circumstances, I am of the opinion that the questions of negligence and contributory negligence were for the jury. Hence, I concur in the reversal; but I express no opinion as to whether the doctrine of *res ipsa loquitur* is applicable to the accident involved in this case.

BIRDZELL, J., concurs.