## EDWARD RAPPAPORT v. ARTHUR D. STOCKDALE AND ANOTHER.[1]

June 27, 1924.

No. 23,830.

**Concurrent negligence of drivers of van and street car.**

1. The evidence justified the jury finding the driver of appellant's auto-van, in which plaintiff rode, negligent and that such negligence concurred with that of the motoneer of the other defendant to cause a collision and injure plaintiff.

**Question of contributory negligence for jury.**

2. Plaintiff, in riding standing on the floor of an inclosed van, cannot be held negligent as a matter of law, and it was for the jury to determine whether his failure to jump from the van, when a collision with the street car appeared imminent, was contributory negligence.

**Owner of merchandise not a trespasser in van.**

3. Plaintiff, who had engaged the van to move his goods which he assisted the driver in loading, was not a trespasser when riding in the van to the place where the goods were to be unloaded, his purpose being to see that the goods were safely carried and unloaded where he desired. And the court was correct in not treating him in the charge as a trespasser.

**American doctrine as to duty of van driver.**

4. According to the weight of authority in this country, the driver of the van, after he knew plaintiff was riding, owed him the duty of refraining from active negligence by which the danger of riding on the van was increased or a new danger created.

**Harmless error not ground for reversal of judgment.**

5. A judgment will not be reversed on account of a harmless error.

**Verdict of $2,500 not excessive.**

6. The verdict, though large, does not appear to have been the result of passion or prejudice, and cannot be disturbed by this court.

[1]Reported in 199 N. W. 513.

Action in the district court for Hennepin county against defendant Stockdale, doing business as the Stockdale Transfer Company, and the Minneapolis Street Railway Company to recover $10,000. The case was tried before Montgomery, J., who at the close of the testimony denied separate motions of defendants for directed verdicts, and a jury which returned a verdict for $2,500 against each of defendants. Separate motions by the defendants for judgment notwithstanding the verdict or for a new trial, were denied. From the judgment entered pursuant to the verdict, defendant Stockdale appealed. Affirmed.

*Lawrence R. Allison,* for appellant.

*George B. Leonard,* for respondent.

HOLT, J.

Plaintiff, a dealer in secondhand automobile parts, telephoned appellant, engaged in the business of transporting goods within the city of Minneapolis, to move about 1,500 pounds of dismantled automobile engines and parts from down town to his place of business at 312 Plymouth avenue. Appellant sent an automobile-van with driver to the place desired, and plaintiff and his servant, assisted by the driver, loaded the parts to be moved. Plaintiff then got into the van, as he says, to see that nothing was lost on the way. As the van, driven north on Third street, approached Plymouth avenue, a street car on the latter street was rapidly nearing Third street from the west. The time was in December, 1921, and travel had cut icy ruts in the streets. The street car, on a slight down grade, was running, as plaintiff claims, at an excessive speed, and the driver of the van is alleged to have negligently driven in front of the on-coming car. The street car struck the van, throwing plaintiff out and injuring him. In this action for damages a verdict was rendered against both the street car company and appellant, the owner of the van. The latter alone appeals from the judgment.

One assignment of error raises the proposition that the evidence does not sustain the verdict finding appellant's negligence to have concurred with that of the street car operator in causing plaintiff's

injuries. The negligence alleged against appellant was that his driver, knowing of the street car's approach at a high and dangerous speed, nevertheless drove in front of it. The testimony is quite convincing that the street car was operated at a high and dangerous speed, considering the slippery conditions of the rails and the ruts in the streets. The driver of the van saw the street car and could notice its speed. He also was aware of the ruts which necessarily interfered with the operation of the van, and should have appreciated the danger of attempting to cross the car tracks, even though he had the right of way. Plaintiff also testified that he called out to the driver to look out as the street car was nearing them. It was for the jury to say whether, under all the circumstances, an ordinarily prudent driver should not have yielded the right of way to the street car.

Appellant also contends that in riding on the floor of the van plaintiff's contributory negligence appears as a matter of law. The van was inclosed and covered, except that on each side towards the front was a narrow opening with removable stakes to facilitate loading and unloading. The rear was open and had the usual adjustable tail board set on a slight upward incline.. The load did not cover the whole floor of the van. To ride standing in such a vehicle cannot be said to be so inherently dangerous that a jury could not find otherwise. Nor did plaintiff's guilt of contributory negligence conclusively appear from his failure to jump from the van when he realized that a collision was impending. The street was icy and rutty, the van was traveling 8 or 10 miles an hour, in his estimation, and had he jumped he might have lit in the path of the on-coming street car. The jury could well find that most men, under the conditions confronting plaintiff, would have remained in the van.

In riding, was plaintiff a trespasser? We think not. He had engaged appellant to move his goods. He helped the driver load them into the van. Presumably the driver needed the same aid in unloading. What more natural than that he, the owner, should accompany the load to direct where to unload and assist thereat, not to mention the propriety of his being upon the load to see that

nothing was lost or injured in the hauling. The driver claims he did not see plaintiff get into the van, but admits having talked with him on the road. No suggestion was then made by the driver that plaintiff was an unwelcome passenger, or that the place he occupied was improper. We are of opinion that the trial court did not err in refusing to consider plaintiff a trespasser when he ruled on appellant's motions for dismissal as well as on his motion for a directed verdict and judgment notwithstanding.

The conclusion that plaintiff was not a trespasser when he was injured disposes of the errors assigned upon the charge of the court, for the only reason advanced in the brief why it was erroneous is that it failed to treat plaintiff as a trespasser, and upon the oral argument appellant's counsel candidly conceded it correct, if plaintiff was not. Such being the argument and concession, it is not necessary to consider whether any nice distinction should be made as to plaintiff being an invitee or mere licensee. In either event the right of recovery would have to be predicated in this case upon active negligence of the driver in the operation of the van after knowledge that plaintiff was riding thereon.

Some courts hold that as to one riding even as an invitee, there is no duty of the driver or owner except to refrain from wanton or gross negligence. Massaletti v. Fitzroy, 228 Mass. 487, 118 N. E. 168, L. R. A. 1918C, 264, Ann. Cas. 1918B, 1088, may be said to be the leading case of the courts so holding. However, the trend of the decisions in most of the states is to the effect that towards a person invited to ride in a private vehicle, though held a licensee, the driver of such vehicle owes the duty to refrain from doing any negligent acts by which the danger of riding upon the conveyance is increased or a new danger created. In other words, he must drive with ordinary care. Galloway v. Perkins, 198 Ala. 658, 73 South. 956; Pigeon v. Lane, 80 Conn. 237; Mayberry v. Sivey, 18 Kan. 291; Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342; Jacobs v. Jacobs, 141 La. 272, 74 South. 992, L. R. A. 1917F, 253; Fitzjarrell v. Boyd, 123 Md. 497, 91 Atl. 547; Patnode v. Foote, 153 App. Div. 494, 138 N. Y. Supp. 221; Grabau v. Pudwill, 45 N. D. 423, 178 N. W. 124. In

Mayberry v. Sivey, supra, the court said: "The law requires from all persons, including those who render gratuitous services, reasonable care for the safety of life and person." Cases like Mazey v. Loveland, 133 Minn. 210, 158 N. W. 44, L. R. A. 1916F, 279, holding that, as to an invitee upon premises, there is no active duty to exercise care for his safety, if he places himself in the position of a trespasser, are not in point.

If there was error in allowing plaintiff to answer the question whether the driver saw him get on the van, as giving a conclusion, it did no harm, for the driver admitted that he knew plaintiff was riding before the street car tracks were reached.

Finally the verdict is assailed as excessive. It was for $2,500. Only one doctor testified. He gave his opinion that there was a permanent injury to the arm. The damages appear large, but there is absolutely nothing in the record from which to infer that the jury could have been actuated by passion or prejudice. We cannot, therefore, disturb a verdict which as to amount has the approval of the learned trial judge.

Judgment affirmed.