### BLACK *v.* GOLDWEBER.

Opinion delivered February 7, 1927.

1. AUTOMOBILES—DUTY TO SELF-INVITED GUEST.—In an action by a self-invited guest in an automobile against the owner and driver of the car, it was error to direct a verdict on the theory that the only duty owed to a self-invited guest by the owner of the car was to refrain from willful or wanton injury.

2. AUTOMOBILES—CARE AS TO SELF-INVITED GUEST.—The owner and driver of an automobile owes to a self-invited guest the duty of using reasonable care not to cause him injury.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; reversed.

*Sam M. Levine,* for appellant.

*Wooldridge & Wooldridge,* for appellee.

HUMPHREYS, J.    Appellant instituted this suit in the circuit court of Jefferson County against appellee to recover damages in the sum of $5,000 for injuries received while riding in appellee's automobile from Pine Bluff to Little Rock, through the alleged negligence of appellee in driving same in a reckless and dangerous manner, and at a reckless and dangerous rate of speed, and in disregard of the traffic laws and the regulations of the highway.    Appellee filed an answer, denying the material allegations of the complaint.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a peremptory instruction to the jury to return a verdict in favor of appellee and a consequent judgment dismissing her complaint, from which is this appeal.

Appellant was and had been employed by appellee for a number of years in his store at Pine Bluff.    She is a widow, and her children live in Little Rock.    Appellee and his little girl were going to Little Rock in an automobile, on or about April 12, 1925.    Appellant expressed a desire to the little girl to accompany them to Little Rock, so that she might see her children.    The little girl spoke to her father on behalf of appellant, and obtained his permission for her to accompany them.    The testimony introduced by appellant tended to show that the automobile in which they made the trip was turned over on account of fast driving by appellee, which resulted in injury to appellant.

The trial court instructed a verdict for appellee upon the theory that the only duty he owed appellant, while riding in his automobile as a self-invited guest, was to refrain from injuring her willfully or wantonly.    The testimony failed to reveal any evidences of a willful or wanton attempt on the part of appellee to injure appellant.

The only question presented for determination on this appeal is whether the trial court was correct in assuming, as a matter of law, that the only duty the owner and driver of an automobile owes a self-invited guest riding in his car is not to injure him willfully or wantonly. The doctrine announced by the trial court finds support in the case of *Lutvin* v. *Dopkus,* decided by the Supreme Court of New Jersey in 1920, reported in 108 Atl. 862, and two or three other courts which have adopted the rule announced by the New Jersey court. The general rule or duty to bare licensees is applied by these courts to owners and drivers of automobiles and other vehicles. The distinction between the duty to invitees and bare licensees has been preserved by these courts and applied in vehicle cases.

The trend of modern authority is to disregard this distinction and apply the rule of duty imposed on owners and drivers of vehicles to invitees, to self-invitees or licensees also. The prevailing rule, approved by recent cases, requires drivers of automobiles to exercise ordinary care in the operation thereof to transport their passengers safely, whether guests by sufferance, self-invited guests, or invited guests. In the recent case of *Munson* v. *Rupker* (Ind.) 148 N. E. 169, the court disapproved the doctrine announced in *Lutvin* v. *Dopkus, supra,* and adopted the prevailing rule, for the following reasons:

"It seems to us that the only sensible and humane rule is that an owner and driver of an automobile owes a guest at sufferance the duty of using reasonable care so as not to injure him. The rule as to trespassers and licensees upon real estate, with all its niceties and distinctions, is not to be applied to one riding in an automobile at the invitation of, or with the knowledge and tacit consent of, the owner and operator of the automobile. A trespasser and licensee going upon a tract of land—an inert, immovable body—takes it as he finds it, with knowledge that the owner cannot and will not by any act of his start it in motion, and hurl it through

space in a manner that may mean death to him who
enters therein. He who enters an automobile to take
a ride with the owner also takes the automobile and
driver as he finds them. But, when the owner of the
automobile starts it in motion, he, as it were, takes the
life of his guest into his keeping, and, in the operation
of such car, he must use reasonable care not to injure
any one riding therein with his knowledge and consent.
It will not do to say that the operator of an automobile
owes no more duty to a person riding with him as a guest
at sufferance, or as a self-invited guest, than a gratuitous
bailee owes to a block of wood. The law exacts of one
who puts a force in motion that he shall control it with
skill and care in proportion to the danger created. This
rule applies to a guest at sufferance as well as a guest
by invitation."

The Indiana court cited the following cases in sup-
port of the prevailing doctrine: *Pigeon* v. *Lane,* 80 Conn.
237, 67 A. 886; *Dickinson* v. *Connecticut Co.,* 98 Conn. 87,
118 A. 518; *Grabau* v. *Pudwill,* 45 N. D. 423, 178 N. W.
124; *Christie* v. *Mitchell,* 93 W. Va. 200, 116 S. E. 715;
*Rappaport* v. *Stockdale* 160 Minn. 78, 199 N. W. 513;
*Mazey* v. *Loveland,* 133 Minn. 210, 158 N. W. 44.

The reasoning of the Indiana court seems to us to be
sound, and, since it is supported by the weight of author-
ity, we adopt it as the rule applicable to vehicle cases.

On account of the error indicated the judgment is
reversed, and the cause is remanded for a new trial.

Mr. Justices HART and KIRBY concurring.

Chief Justice McCULLOCH dissenting.

CONCURRING OPINION.

HART, J. Judge KIRBY and I hold to the view that,
in a gratuitous carriage for the sole benefit of the guest,
the law requires only slight diligence and makes the
owner of the automobile liable for only gross neglect.
*Cody* v. *Venzir,* 263 Penn. 541, 107 A. 383; *West* v. *Poor,*
196 Mass. 183, 11 L. R. A. (N. S.) 936, 124 Am. St. Rep.
541, 81 N. E. 960; and *Massaletti* v. *Fitzroy,* 228 Mass.
487, 118 N. E. 168, L. R. 1918C, 264, Ann. Cas. 1918B,
p. 1088.