## MORRIS v. SANDERS et al.
### No. 2300.

Court of Civil Appeals of Texas. Beaumont.
Dec. 19, 1932.

Rehearing Denied Dec. 21, 1932.

E. C. Gaines, of Austin, for appellant.

Z. L. Foreman, of Livingston, and J. J. Collins, of Lufkin, for appellees.

WALKER, C. J.

On or about the 20th day of March, 1931, appellant, Earl Morris, was operating a truck between the town of Livingston, Polk county, Tex., and the city of Houston, Harris county, Tex., over Highway No. 35. On the day in question he stopped his truck in the town of Cleveland, when the deceased, S. S. Sanders, the husband of appellee Lucy Sanders, boarded the truck for the purpose of being transported to the town of Shepherd. While attempting to leave the truck at Shepherd, Sanders fell under the wheels of the truck and received severe injuries, from which he died. Appellee pleaded the following explanation of Sanders' presence on the truck: "That on or about the aforesaid date the deceased, S. S. Sanders, either by invitation of defendant, or with the permission of defendant, either gratuitously or for hire granted the deceased S. S. Sanders, the privilege of riding either as a passenger or as a guest on the motor freight truck of defendant from the town of Cleveland over Highway 35 to the town of Shepherd, San Jacinto County, Texas."

Appellant has made the following summary of the jury's findings, which reflect the grounds of negligence pleaded by appellee and the defensive issues pleaded by appellant:

"That deceased was riding on the truck by permission of defendant.

"That defendant knew deceased was riding on the truck from Cleveland to Shepherd soon after leaving Cleveland and before reaching Shepherd.

"That defendant failed to use ordinary care to stop the truck to allow deceased to safely alight.

"That such failure to use ordinary care was a proximate cause of the injuries.

"That defendant required deceased to alight from the truck at Shepherd while it was moving.

"That so requiring deceased to alight was negligence.

"That such negligence was a proximate cause of the injuries.

"That Sanders was riding on the truck in a perilous position.

"That the defendant knew of the perilous position of deceased before the injury.

"That after defendant knew of the position of the deceased, he did not realize that deceased would not be able to save himself from danger.

"That plaintiff was damaged in the sum of Five Thousand ($5,000.00) Dollars.

"That Sanders did not conceal himself on said truck.

"That Sanders did not fail to inform the defendant that he wanted to get off from the truck before the accident.

"That Sanders undertook to jump from the truck while it was in motion.

"That his act in undertaking to jump from the truck while in motion was negligence.

"That such negligence was not the proximate cause of the injuries.

"That Sanders did not fail to ask the defendant to stop the truck and let him get off.

"That after the truck was slowing down Sanders failed to wait until it had stopped before jumping off.

"That such failure to wait and such jumping off was negligence on the part of Sanders.

"That such negligence was not a proximate cause of the injuries.

"That Sanders was not stealing a ride.

"That at and immediately before Sanders jumped from the truck the defendant did acts and words calculated to cause him to so jump."

On the verdict, judgment was entered in appellees' favor, from which appellant has duly prosecuted his appeal to this court.

## Opinion.

■ Appellant's exceptions to the allegations of appellees' petition, copied above, explaining the presence of deceased on the truck, were properly overruled. This pleading was not duplicitous, but was an alternative pleading of her grounds of recovery, as permitted by Supreme Court Rule 4, for district and county courts. 142 S. W. XVIII. This rule is as follows: "The plaintiff, in the original petition, * * * may state all of his facts, so as to present together different combinations of facts, amounting to a cause or causes of action, as has been the usual practice; or he may state the cause or causes of action in several different counts, each within itself presenting a combination of facts specifically amounting to a single cause of action. * * *" Our construction of this pleading and of rule 4 has support in Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787.

■ The court did not err in refusing to instruct a verdict in appellant's favor, on the ground that there was "neither pleading nor evidence nor finding whatever that defendant was guilty of any wilful or wanton act intended to injure deceased." While appellant construes the evidence as making the deceased a trespasser on the truck, for the purpose of this proposition, he concedes that the issue was raised either that the deceased was an invitee or a licensee. We think the evidence clearly raised both these issues in favor of appellee. Appellant's proposition does not correctly state the law of the relation that existed between appellant and the deceased, on the theory that the deceased was a licensee or invitee. On this theory of the case, appellant owed deceased the duty of exercising ordinary care for his protection. Gulf, C. & S. F. R. Co. v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 369; Lovett v. Gulf, C. & S. F. R. Co., 97 Tex. 436, 79 S. W. 514; Article 6701b, Vernon's Ann. Civ. St., Acts 1931, 42d Leg., c. 225; 25 R. C. L. 793; La Rose v. Shaughnessy Ice Co., 197 App. Div. 821, 189 N. Y. S. 562; Grabau v. Pudwill, 45 N. D. 423, 178 N. W. 124; Munson v. Rupker (Ind. App.) 148 N. E. 169, affirmed on rehearing (Ind. App.) 151 N. E. 101; Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855; Black v. Goldweber, 172 Ark. 862, 291 S. W. 76; Bennett v. Bell, 176 Ark. 690, 3 S.W.(2d) 996; Marple v. Haddad, 103 W. Va. 508, 138 S. E.

113, 61 A. L. R. 1248; Gurdin v. Fisher, 179 Ark. 742, 18 S.W.(2d) 345; Perkins v. Galloway, 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190; Id., 198 Ala. 658, 73 So. 956. Since appellee's rights matured prior to the effective date of chapter 225, Acts of Regular Session, 42d Legislature, p. 379, "Absolving Private Operators of Motor Vehicles from Responsibility for Passenger's Injuries," it is not necessary that we give that act construction.

■ We overrule appellant's contention that there was "no evidence whatever that defendant requested deceased to alight from said truck, while moving, at Shepherd." The evidence is undisputed that deceased jumped off the truck, while it was moving, and was run over by the truck and fatally injured. In support of our conclusion that the issue was raised against appellant that he requested deceased to alight from his truck while it was in motion, Brady Besser testified that appellant told him that he gave deceased permission to ride on his truck. Besser further testified as follows:

"He also said that he told him he had a pretty heavy load, the brakes was not working very good and he could not stop there but he could slow up and he could jump off. * * *

"Mr. Morris said he told the old darkey the brakes were not working, and it was hard to stop, but he would slow up for him. Mr. Morris said he told the old negro the brakes were not working good, but he would slow up and for him to jump off.

"Then he told me that when he got to Shepherd, Sandy the old negro jumped off and fell and the truck rolled over him as he was slowing up. He said that when he got to Shepherd and slowed up, the negro jumped off and the truck rolled over him and he stopped. I don't know what he told the negro, but I am telling you what he told me he told him, that before he got to Shepherd he told the negro as he slowed up to jump off * * * I am telling you that Morris said he had done said that before he got to Shepherd. Morris did not tell me that when he got to Shepherd and was slowing up he told the negro to jump off. No, Morris did not say that after he got to Shepherd and as he was slowing up at Shepherd, he told Sandy to jump off; he did not say where it was, he told me that. He did not state where it was he told Sandy to jump off."

■ Appellant is in error in his propositions that the findings of the jury, (a) that deceased was guilty of negligence in jumping from the truck while it was in motion, and (b) that after the truck began to slow down deceased was guilty of negligence in jumping from the truck before it stopped, convicted deceased of contributory negligence as a matter of law; and that the court erred in refusing to render judgment in his behalf on these find-

ings. To establish the defense of contributory negligence, appellant was under the burden, not only of convicting deceased of negligence, but, as a separate issue, to establish by a jury finding that such negligence was a proximate cause of his death. On this issue, in Texas & N. O. R. Co. v. Harrington, 235 S. W. 188, 192, the Commission of Appeals said: "Where a plaintiff and defendant are each guilty of negligence, it is a question of fact for the jury as to which negligence is the proximate cause of the injury. That rule is well settled. See, Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513; Trochta v. Railway Co. [Tex. Com. App.] 218 S. W. 1038."

Without reviewing the evidence, it is our conclusion that the jury's verdict convicting appellant of negligence in the several respects reflected by the verdict, as summarized above, was "not contrary to the overwhelming weight of the testimony."

 The testimony of Besser, copied above, refutes the proposition that there was "no evidence" that defendant requested deceased to alight from his truck while it was in motion. There was abundant testimony to support the findings that deceased was riding upon appellant's truck with his permission, and that appellant knew that deceased was riding on his truck from Cleveland to Shepherd. On these issues the following testimony is found in the record:

"Brady Besser called by the plaintiff testified that he used to work for defendant and was working for him at the time of his accident, but had since moved to Oklahoma, from which place he came as a witness at the expense of the plaintiff. He further testified that there had been some trouble between him and defendant about the time he quit work for defendant relating to some goods being taken from a freight truck under his charge. This witness testified, 'I believe it was the next morning after the accident that I had a conversation with Mr. Morris. He came out of the café, and what he said to me was, that the old negro asked for a ride and he told him that he did not have room in the cab, and it was a mighty dangerous place on the back, a mighty dangerous place to ride, and he was not allowed to give permission to ride. He also said that he told him he had a pretty heavy load, that the brakes was not working very good and he could not stop there but he could slow up and he could jump off. He said he finally said he could ride there, but it was a pretty dangerous place. But he told him he could ride.'

"* * * The witness Hardy Purvis, called by plaintiff, testified that he was an officer and had lived in Polk County many years, that he knew Earl Morris and was driving along the road and stopped at the place of the accident immediately after it occurred and further said 'while talking to Mr. Morris he told him how the accident happened, he said the old negro used to work for him and he knew him.' And he said 'It is what I get for letting him ride, and doing something I would not let the drivers do.' I think he said the negro got on the truck down the road at Cleveland; he said he told him to crawl on back there. If he said anything about telling him to jump off or anything I don't recall."

 No error is shown by the following bill of exceptions: "Be it Remembered that on the trial of the above styled and numbered cause and while Honorable Z. L. Foreman, one of the attorneys for plaintiff, was making the closing argument to the jury, he addressed certain of the jurors by name and in doing so addressed the following jurors by name: Mr. Kelly, Mr. Hon, Mr. Chrisman, Mr. Newsan, Jim Moore and Mr. Cook, addressing Mr. Kelly personally three times, and the others one time each, using the expressions 'You know, Mr. Kelly,' and 'isn't that true, Jim Moore.' And thereupon defendant's attorney arose and advised the court that counsel was so addressing the jurors individually, and personally, and that he desired to take a bill of exceptions to said action; and thereupon the court instructed the jury that they would not consider 'these personal references,' and defendant here now presents his bill of exceptions with the request that the same be examined, allowed and ordered filed as a part of the record in this case."

The impropriety—if it was an impropriety—in addressing certain of the jurors personally, under the facts reflected by the bill, was rendered harmless by the court's instruction to the jury to disregard the personal reference.

There being no error, it follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.