Holcomb, J.
 

 This case, brought by an invited rider against the owner of the automobile for injuries re
 
 *612
 
 ceived while riding in the car, was tried to the court without a jury. The court rendered judgment against appellants in the sum of $1,000 for the personal injuries.
 

 For brevity, the injured plaintiff will be referred to as if the only respondent, and the defendant husband as if the only appellant.
 

 With the exception of two matters of some importance, the evidence is not greatly in conflict between the versions of appellant and of respondent. In one matter in which there was sharp conflict, namely, whether the leg of respondent had been broken, as alleged and as she and her physician testified, the trial court rejected that evidence, in substance, that there was a break necessitating keeping it in a plaster-of-Paris cast for forty days.
 

 The trial court found bodily injuries consisting of bruises, cuts, abrasions, sprains, a broken nose, injuries to her back, and shock, which had caused her great physical suffering and which caused her to be confined to a hospital for a period of forty days, disabled her for a considerable time thereafter, and that she still suffered from physical pain and some continued disabilities on account of her injuries. Rejecting the evidence as to her broken leg, he fixed her damages at $1,000. This included $382 paid or incurred for hospital bills and medical services.
 

 Althoug’h appellant attacks the damages as not sustained by the evidence, after reviewing the record, we consider the damages allowed by the court moderate and reasonable under the evidence.
 

 Another matter in conflict was as to whether or not apellant had been drinking just before beginning the drive from Everett on the evening in question and at other places on the way, as testified by respondent. At the close of respondent’s case, appellant asked the
 
 *613
 
 trial court whether there would be any finding made upon the matter of the drinking, to which the trial court responded:
 

 “I don’t think there is any evidence up to the present time that any drinking he did had anything to do with the accident, so there is no use in going into that now; no evidence that he was intoxicated or driving fast.”
 

 Later, in a finding, although appellant had produced no evidence on this question other than that of himself to the effect that he did not drink on that trip until after the accident, the trial court made a finding that appellant drank intoxicating liquors while upon the trip, before the accident occurred.
 

 As to the negligence upon which the court based appellant’s liability, the following findings, in substance, were made:
 

 That the sedan automobile owned and driven by appellant was defective at the time of the accident and had been for some time prior thereto, in that, at times the steering wheel stuck, causing the driver to lose control; that appellant had knowledge of that defect, having twice before this accident been caused to go into the ditch by the same defect; that appellant had full knowledge of such defective condition of the car, but failed and neglected to inform respondent thereof and she had no knowledge of such defect when they started on the trip; that, at a point approximately four hundred feet from a point where the car left the road on the trip in question, the defect above mentioned first manifested itself on this trip and caused the automobile to veer suddenly to one side and appellant was compelled to wrench the steering wheel violently to regain his course; that, at the time of the occurrence of the first trouble, he informed respondent of the nature of the trouble and she requested him to stop the
 
 *614
 
 car and allow her to get out, which he refused to do; that respondent had no previous knowledge that the car was defective in its steering gear; that there was nothing to prevent appellant from stopping the car after the first trouble and before it finally went over the embankment; that, within four hundred feet of that ocurrence, the steering gear again stuck, the automobile became unmanageable, left the road, went over the embankment and collided with a pole about eight feet from the pavement.
 

 The chief contention of appellant on appeal is that an owner of an automobile is not guilty of gross negligence and not liable to an invited guest for alleged injury due to the automobile running off an embankment because of an alleged latent defect in the brakes or steering wheel.
 

 It is argued that one who invites another to ride with him in his automobile does not guarantee to the guest a sound automobile; that his duty extends only to refraining from increasing the danger which the guest assumes upon entering the automobile or from adding a new danger.
 

 The leading case cited to support the above argument is
 
 O’Shea v. Lavoy,
 
 175 Wis. 456, 185 N. W. 525, 20 A. L. R. 1008. That was a case where plaintiff was the father-in-law of the defendant. The car was about five years old. It was purchased by the defendant as a second-hand car about one year previous to the accident. A spring had been broken which was repaired with old parts, and on the trip taken by plaintiff and defendant, the spring broke again, causing the machine to turn over. Negligent operation of the car was not claimed. That court held the situation to be analogous to a case where a person was invited to dine with another and received some injury in the host’s house, and compared it to another case cited by appellant,
 
 *615
 

 Greenfield v. Miller,
 
 173 Wis. 184, 180 N. W. 834, 12 A. L. R. 982. In the last cited case, where an invited guest who claimed to be unfamiliar with the practice of laying Oriental rugs upon highly polished hardwood floors loosely, was injured by stepping, slipping and falling upon such a floor, the court held an invited guest stands on no better footing than a mere licensee and must take the premises as he finds them, unless there is something on the premises in the nature of a trap, which caused the injury or the owner was guilty of active negligence contributing to injury. In the
 
 O’Shea
 
 case the defect was latent or unknown to both the owner and the invited guest, and was such defect as the court held to be common to old second-hand cars, the danger incident to the use of which was as well known to the guest as the owner.
 

 While the first case relied upon is a somewhat extreme case, nevertheless, we have, ourselves, frankly adopted the minority rule in common with Massachusetts, Pennsylvania and one or two other states, holding that one inviting another to ride gratuitously in his automobile is not, in the absence of gross negligence, liable for injury to him by any accident to the car. The rule has been stated in this state that, as to an invited guest, one is required to exercise only slight care and to be liable only for gross negligence.
 
 Heiman v. Kloizner,
 
 139 Wash. 655, 247 Pac. 1034;
 
 Saxe v. Terry,
 
 140 Wash. 503, 250 Pac. 27;
 
 Klopfenstein v. Eads,
 
 143 Wash. 104, 254 Pac. 854, 256 Pac. 333;
 
 Blood v. Austin,
 
 149 Wash. 41, 270 Pac. 103.
 

 Premising our discussion upon our own definition of “gross negligence” as the want of slight care, which is also the generally accepted definition, were the facts and circumstances shown in this case tantamount to gross negligence? Assuming, also, the fact found by the trial court, which was testified to by appellant,
 
 *616
 
 that he knew of the defect in the steering gear of his car for as long as three months preceding the accident causing him to lose control of the car as it caused him to go into the ditch twice before; that the same performance occurred on this trip, about four hundred feet before the point where the accident occurred and at that time respondent had requested appellant to stop and let her out, which he declined to do, we feel bound to conclude that, under our decisions, gross negligence was shown.
 

 Where an automobile is out of repair so aá to be unmanageable, it is such a dangerous instrumentality that it is negligence to allow its use on the highway, and the owner is liable for an injury caused by the operation of such a car, even though his agent in charge thereof is not negligent. Note to
 
 Southern Cotton Oil Co. v. Anderson,
 
 80 Fla. 441, 86 South. 629, 16 A. L. R. 255, 271. See cases there cited. Compare
 
 Allen v. Schultz,
 
 107 Wash. 393, 181 Pac. 916 and
 
 Petersen v. Seattle Automobile Co.,
 
 149 Wash. 648, 271 Pac. 1001.
 

 True, both of our cases last cited were for injuries occurring to others using the streets or highways and not for gratuitous passengers riding in cars. They were cases involving the use of cars with defective brakes, and the rule was laid down that, when such cars are driven upon public streets or highways, the operator is chargeable with notice of any defects that a reasonable inspection would disclose.
 

 In the present case, appellant had
 
 actual knowledge
 
 of the defective condition of his car which he did not disclose to the free passenger. Had he done so before starting the trip with her as a passenger, she might have declined to travel in his car; and had she accepted after such notice, then the case would be analogous to the Wisconsin automobile case relied upon by appellant.
 

 
 *617
 
 Although, this ease is very close to the line, there were barely enough facts and circumstances to show gross negligence on the part of appellant.
 

 The features in this case which distinguish it from cases heretofore cited, requiring gross negligence on the part of the operator of an automobile toward an invited guest, are that appellant was peculiarly familiar with the occasional queer performance of the steering gear and brakes of the car; that such peculiar performance occurred within a very short time prior to the accident ,* that such performance of the ear had not been disclosed to respondent previous to this trip; that respondent then desired to be let out, which appellant declined to permit; and that the same queer performance of the car recurred almost immediately thereafter, causing the accident and injury.
 

 Appellant bitterly complains of being misled by the trial court in regard to his drinking. He contends that, had he been advised prior to the summing up of the case by the trial judge that the trial judge would in any way consider that matter, he had witnesses there'who would have testified to the sobriety of appellant.
 

 It is quite apparent that appellant was misled by the remark of the trial court in passing upon appellant’s motion at the close of respondent’s case. However, after the trial court indicated at the conclusion of all the evidence that he thought there was more to the matter of the drinking of appellant than he had theretofore indicated, the trial court had reopened the case for the production of certain other testimony by appellant, and doubtless would have re-opened it again for the production of this evidence if there was anything competent to be introduced on that question.
 

 Upon this question, appellant’s only argument is that the court misled him into- omitting the evidence
 
 *618
 
 of the sobriety of appellant by the ruling, and later held that it was a proximate cause of the accident after all the evidence had been closed and the arguments made.
 

 What reason the trial court had for making the first observation that there was no evidence up to the close of respondent’s case that any drinking by appellant had anything to do with the accident and no evidence that he was intoxicated or driving fast or recklessly, and later making the finding he did, we do not understand. It is clear, however, that there is no finding of intoxication on the part of appellant or that his drinking was any part of the proximate cause of the accident.
 

 We regard the finding of the court, as to the drinking, unimportant, immaterial and of no influence upon the other findings, conclusions and judgment.
 

 The judgment is therefore affirmed.
 

 Mitchell, O. J., Fullerton, Beals, and Main, JJ., concur.