HOWE v. LITTLE.

Opinion delivered January 12, 1931.

*Brewer & Cracraft,* for appellant.

*K. T. Sutton,* for appellee.

McHANEY, J. Appellee sued appellant for damages for personal injuries sustained by him while riding on the running board of appellant's automobile as a guest,

1084

either invited or self-invited. He alleged that appellant was negligent in placing a board, or boat seat, about 30 inches long, on the bumper or fender of the car, and in leaving it there in such a way that when the car was moving it fell off, and in some way struck and broke his leg just above the ankle. The facts are that appellant and his brother had been fishing, and, on returning, appellant had run his car in some soft or loose sand and become stalled. Appellee was passing and assisted them in getting out. A boat seat was taken from the car, and used in digging the loose sand from around the wheels to give them better traction. After using the boat seat in this way perhaps more than once, as the car was stalled two or three times before getting on firm ground, it was placed by some one somewhere on the car, but not in it. Appellee was permitted to ride standing on the running board on his way to a nearby town. No witness knew just where the board was placed, whether on the bumper, fender, or running board of the car, and no witness, including appellee, was able to tell just how the accident happened, which resulted in the breaking of his leg. He says he saw the board lying behind the car immediately after being struck. At the conclusion of appellee's evidence, and again at the close of all the evidence, appellant requested a directed verdict on the insufficiency of the evidence to support a verdict for appellee. The court refused so to do, submitted the matter to the jury, and the result was a verdict and judgment against appellant for $1,000. Wherefore this appeal.

We are of the opinion that appellant was not guilty of actionable negligence under the facts. Whether appellee was an invited guest, self-invited guest or a licensee, the rule of law in this State is that the driver of the automobile is only bound to exercise ordinary care in operating it for the safety of his guest. *Black* v. *Goldweber,* 172 Ark. 862, 291 S. W. 76; *Bennett* v. *Bell,* 176 Ark. 690, 3 S. W. (2d) 996. In the latter case we said: "The driver of an automobile or motor vehicle is bound to the exercise of ordinary care in the operation thereof

for the safe transportation of his guests and other passengers and to avoid personal injury to them, and this duty extends to all such passengers, whether guests by sufferance, invited or self-invited.'' In other words, in this State, no distinction is made as to the kind of guest, and this is the modern rule and supported by the weight of authority. 51 A. L. R. 581, note; *Black* v. *Goldweber, supra.* But while this is true, the guest takes the automobile and the driver as he finds them. See quotation from *Munson* v. *Rupker* (Ind. App.) 148 N. E. 169, in *Black* v. *Goldweber,* where it is said that: ''He who enters an automobile to take a ride with the owner also takes the automobile and driver as he finds them.'' Therefore, no duty of inspection for defects in the automobile or for loose articles lying thereon rested upon the owner for the protection of the guest. Appellant was therefore a bare licensee, in so far as defects in the car were concerned, but not so as to its negligent operation, about which no complaint is made. Being a bare licensee, he took his license with its concomitant perils—at his own risk as to any defective condition of the car. In *Marple* v. *Haddad* 103 W. Va. 508, 138 S. E. 113, it was said: ''Reasonable care for the safety of a guest commences only when he enters the automobile. The operator owes no duty of prior inspection.'' In 1 Blashfield, Cyclopedia of Automobile Law, p. 967, the rule is thus stated: ''With respect to the condition of the automobile, the rule is that one invited to ride therein by the owner or driver accepts the machine of the host as he finds it, subject only to the limitation that the driver or host must not set a trap or be guilty of active negligence, contributing to the injury of the guests.''

Conceding that appellant placed the board on the car, which is doubtful, and that it in some unknown manner caused the injury to appellee, still no actionable negligence has been established under the rules above stated, and the court should have so instructed the jury at appellant's request. The judgment will therefore be reversed, and the cause dismissed.