SHRIGLEY *v.* PIERSON

4-3488

Opinion delivered June 11, 1934.

*Reynolds & Maze*, for appellant.

G. O. Patterson, Sr., G. O. Patterson, Jr., and R. W. Robins, for appellee.

SMITH, J. Mrs. Pierson, the plaintiff below, alleged and offered testimony legally sufficient to establish the fact that she had been invited to ride in and to drive a car owned by a Mr. Shrigley—the defendant below—the steering gear of which was defective, and because of the defect she was unable to control the car, which ran off the road, turning over, and inflicting upon Mrs. Pierson serious and permanent injuries. Mrs. Pierson drove the car from Clarksville, of which city she and Mr. Shrigley were residents, to Fayetteville, a trip any one would be pleased to take who knew what to expect in the way of scenic beauty. The purpose of the trip was to drive Mrs. Shrigley's mother and father to Fayetteville and leave them there to visit another daughter, and Mrs. Shrigley made the fourth member of the party. Mrs. Shrigley and Mrs. Pierson were returning alone, when, according to Mrs. Pierson's testimony, the steering gear locked, and she lost control of the car, which ran off the road and turned over.

There was testimony to the effect that Mr. Shrigley had been informed by a mechanic who did some repair work on the car that the steering gear was not in good order, and he was advised by the mechanic to have it put in repair, but he neglected and failed to do so. This was denied by Shrigley, and the testimony on his behalf was to the effect that the work of the mechanic put the car in good condition, and that he was advised of no defect in the steering gear. The testimony on Shrigley's behalf was to the further effect that the steering gear was not out of order even after the car had turned over, and that the accident was caused by a nail which had punctured one of the rear tires.

The cause was submitted to the jury under instructions, to which Shrigley objected and excepted, to the effect that, if he invited Mrs. Pierson to take the trip and drive the car, he was liable for any damages suffered

by her by reason of a defect in the steering gear, if he knew, or, in the exercise of due care, should have known, of the defect. Instructions were requested by Shrigley to the effect that he would not be liable, even though he had invited Mrs. Pierson to accompany his wife, and the finding was made that the injury to Mrs. Pierson was occasioned by a defective steering gear, unless he knew of the defect.

From a verdict and judgment in favor of Mrs. Pierson is this appeal. We think the law should have been declared as requested by Shrigley in the respect above stated. The case of *Howe* v. *Little*, 182 Ark. 1083, 34 S. W. (2d) 218, was a suit by an invited guest against the owner of a car in which the owner and the guest were riding when the guest was injured. There was some question as to whether the plaintiff was an invited or a self-invited guest, but we adopted the rule—which was said to be the modern rule and the one supported by the weight of authority—that no distinction was to be made as to the kind of a guest, as the duty was identical, whether the guest was invited or self-invited.

In discussing the duty owing the guest, it was there said that "the guest takes the automobile and driver as he finds them," and that there was no duty of inspection for defects so far as the guest was concerned. We there quoted from 1 Blashfield, Cyclopedia of Automobile Law, page 967, the following statement of the law: "With respect to the condition of the automobile, the rule is that one invited to ride therein by the owner or driver accepts the machine of the host as he finds it, subject only to the limitation that the driver or host must not set a trap or be guilty of active negligence, contributing to the injury of the guests."

There appears to have been no other error at the trial, but for the error indicated the judgment must be reversed, and the cause will be remanded for a new trial.

JOHNSON, C. J., and MEHAFFY, J., dissent.