SHRIGLEY v. PIERSON.

4-3924

Opinion delivered July 1, 1935.

Reynolds & Maze, for appellant.

G. O. Patterson, Sr., G. O. Patterson, Jr., and R. W. Robins, for appellee.

BUTLER, J. On November 17, 1932, Mrs. Arch Pierson, at the invitation and request of the appellant, Guy Shrigley, undertook to ride in and drive a Dodge sedan owned by him from Clarksville, Arkansas, to the city of Fayetteville, Arkansas, to take appellant's mother and father there for a visit with other members of the family. Mrs. Pierson made the journey to Fayetteville in safety, but while returning the car overturned, and she was severely injured. She brought suit against Shrigley to recover damages for this injury resulting in a verdict and judgment in her favor which, on appeal to this court, was reversed and remanded because of error in the declarations of law given to the jury. *Shrigley* v. *Pierson,*

189 Ark. 386, 72 S. W. (2d) 541. On the trial anew there was again a verdict and judgment for Mrs. Pierson. On appeal it is conceded that the case was submitted to the jury on proper instructions, but it is insisted that the verdict is unsupported by the evidence adduced, and that this is true in three particulars: first, because of failure to show that there was, in fact, any defect in the car; second, that, if there was a defect, there was no evidence to show that appellant knew of it; and, third, that, if, indeed, a defect existed of which appellant had knowledge, there was no proof that this was the proximate cause of the overturning of the car and the resulting injury to the appellee.

We consider the first two propositions and review the evidence bearing upon these questions, having in mind the settled rule that they must be viewed in the light most favorable to the appellee, giving effect to all the reasonable inferences to be drawn from the evidence in support of the verdict. The evidence on behalf of the appellee may be thus stated: the Dodge sedan was purchased by appellant in 1931, and on January 18, 1932, some repairs were made to the steering gear. In July, 1932, the car was taken to an automobile repair shop where it was examined by the shop foreman who was an automobile mechanic. He found that the steering device was badly worn and needed to be replaced by new parts. In its condition, when examined, it was the opinion of the mechanic that it was dangerous to operate. He informed appellant of its condition, and was given to understand that new parts would be supplied.

The conclusion to be drawn from all the testimony is that no repairs were made to the steering device until after the accident in November, 1932. There is no positive testimony to the effect that appellant was informed by the mechanic who examined the car in July that the car was dangerous to operate because of a defective steering gear. But the defects were described to him, and it is reasonably certain from appellant's own testimony that he was experienced in the operation of automobile, and from this experience was able to judge as to

the possible dangers incident to the operation of a car, if its steering apparatus was worn and defective. With respect to the defects, and as to appellant's knowledge thereof, there is also testimony to show that in conversation with the appellee within a short time after her injury, appellant asked her if she knew how the accident occurred, and when she told him that she was unable to properly guide the car, he answered: "I was afraid of that steering device." After the accident the car was repaired, and the mechanic who did the work found the steering gear so badly worn that it was necessary to replace it, which he did. It appears therefore that there is substantial evidence both as to the defect in the steering gear and as to appellant's knowledge thereof.

On the third contention, there is evidence that the condition of the steering gear, as found by the mechanic, was such as might cause an accident similar to the one from which appellee has suffered. There is evidence that one of the tires was punctured by a large nail, causing a "blowout." Appellee was an experienced and skillful driver, and there is evidence that, if the steering gear had been in proper condition, she could have controlled the movement of the car, notwithstanding the disturbance to its normal movement caused by the blowout. It is in evidence, however, that, as the car swerved because of the blowout, or for some other reason, when appellee undertook to guide it, she was unable to move the steering wheel, and, as she described it, the steering gear "locked."

Appellant calls our attention to the recent case of *Lewis* v. *Jackson, ante* p. 102, which is relied on to support the contention that the defect alleged and proved was not the proximate cause of the overturning of the automobile. In the case cited the negligence alleged was permitting a truck to be operated with defective brakes. It was overturned while being operated along the highway. There was no proof tending to show that the defective brakes caused or contributed to the occurrence or what, in fact, was the cause. In the instant case the evidence, viewed most favorably for the appel-

lee, is to the effect that the steering device, because of its worn condition, might slip or move from its proper position depending on road and general driving conditions, and thus cause it "to become tight and hard to control." From the testimony of the appellee, this seems to be just what happened, without which she could have regained control of the automobile and prevented its overturning. This evidence was accepted by the jury as true, and is sufficient to establish as the proximate cause of the injury the defects complained of.

It follows that the judgment of the trial court was correct, and is therefore affirmed.