## UNITED STATES FIDELITY & GUARANTY CO. v. PIERSON.

### No. 10817.

Circuit Court of Appeals, Eighth Circuit.

April 24, 1937.

See, also, Shrigley v. Pierson, 191 Ark. 224, 85 S.W.(2d) 727.

Jesse Reynolds, of Clarksville, Ark., for appellant.

R. W. Robins, of Conway, Ark. (George O. Patterson, Sr., and George O. Patterson, Jr., both of Clarksville, Ark., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge.

Mrs. Arch Pierson, as plaintiff, brought this action against the United States Fidelity & Guaranty Company, as defendant, to recover upon a policy of insurance issued by it to Guy Shrigley, insuring him against the liability imposed upon him by law for damages arising out of bodily injuries sustained by any person, caused by the ownership, maintenance, or use of the assured's Dodge sedan automobile. From a judgment for plaintiff, entered upon a directed verdict, this appeal is taken.

The substance of Mrs. Pierson's complaint is that she was injured in the assured's automobile at a time when the policy in suit was in force; that she sued the assured in the circuit court of Johnson county, Ark., to recover for her injuries, and obtained a $5,000 judgment against him; that the defendant had defended the suit on behalf of the assured; and that an execution, issued upon the judgment, was returned unsatisfied because of the assured's insolvency, which gave her the right, under the terms of the policy, to proceed against the defendant.

The defense upon which the defendant relied is stated as follows in its answer:

"The defendant further states that Guy Shrigley, insured, did not cooperate with this defendant; that he did not act in good faith; that he went into collusion with the plaintiff for the purpose of recovering judgment against this defendant, and by collusion and fraudulence assisted in obtaining and procuring a judgment in the Johnson Circuit Court against the insured, Guy Shrigley, in the following respects: that the assured, Guy Shrigley, went with L. H. Pierson, husband of the plaintiff who was acting as agent of the plaintiff, to obtain and contract with attorneys for the prosecution of this suit, and discusses this matter fully and freely in the presence of said attorneys and in the presence of Guy Shrigley and L. H. Pierson, husband of the plaintiff acting as

her agent. And that at the time they consulted said attorney, that said L. H. Pierson in the presence and hearing of Guy Shrigley, the assured, advised said attorney that the accident was caused by a blow out of a tire. That after discussing said case that said attorney advised said L. H. Pierson, acting for himself and as agent for plaintiff, that the facts stated to him would not constitute a cause of action. That the said Guy Shrigley was at the time acting in bad faith with this defendant, fraudulently and in collusion with the plaintiff, for the purpose of procuring a judgment against the said Guy Shrigley.

"That from and after the date alleged in the plaintiff's complaint that the assured, Guy Shrigley, has been in constant association and company with the plaintiff and her husband. And that his conduct and demeanor before and during the trial was such that some members of the jury who tried the case urged the jurors that Guy Shrigley, the assured, wanted plaintiff to recover judgment.

"That the assured, Guy Shrigley, went with L. H. Pierson, the husband of the plaintiff, to the city of Fort Smith to contact witnesses before the trial. That on the day before the trial in the Johnson Circuit Court that the assured, Guy Shrigley, went with L. H. Pierson to the city of Fort Smith to bring a witness for the plaintiff to testify in behalf of the plaintiff and against the defendant, and that they brought said witness to Clarksville and said witness testified for the plaintiff. That on returning they stopped at the home of the plaintiff and remained there a long period of time. That he made other trips with the said L. H. Pierson to contact witnesses for the plaintiff.

"The defendant states that the case was first tried in the Johnson Circuit Court on the 27th day of November, 1933, which trial resulted in judgment in favor of the plaintiff in the sum of $10,895.00. That said case was appealed to the Supreme Court of Arkansas [Shrigley v. Pierson, 189 Ark. 386, 72 S.W.(2d) 541] by the defendant and reversed for new trial. That when the case was set for trial at another date that the defendant asked and requested the said Guy Shrigley to execute an affidavit for change of venue. That the plaintiff's sister was the county treasurer of Johnson County, and her husband was treasurer elect. That a

judgment had been returned against him in the sum of $10,895.00, and, therefore urged that he execute affidavit for change of venue to some other county in the district, and that he refused to do so.

"The defendant states that the assured, Guy Shrigley, was notified by the defendant in this cause that it was proceeding with the defense subject to the right to deny liability if it should develop that he had failed and refused to cooperate with this defendant; and that all these matters herein alleged were unknown to the plaintiff at the time of the trial of this cause in the Johnson Circuit Court. And on account of the failure and refusal of the said Guy Shrigley to cooperate with the defendant, and because of his lack of good faith and fraudulent collusion with the plaintiff for the purpose of procuring a judgment, that the plaintiff is not entitled to recover a judgment against the defendant, and that this cause should be dismissed."

The plaintiff moved to strike from the answer the following: "And that his conduct and demeanor before and during the trial was such that some members of the jury who tried the case urged the jurors that Guy Shrigley, the assured, wanted plaintiff to recover judgment." The court struck out this allegation, and the defendant took an exception.

Upon the trial, the plaintiff proved what she had alleged in her complaint.

The evidence of the defendant established that the policy in suit contained the following provision: "The Assured shall cooperate with the Company and upon the Company's request, shall assist in effecting settlement, securing evidence, and the attendance of witnesses. * * *" Other evidence introduced by the defendant tended to prove: That the assured and his wife were friends of the plaintiff and her husband both before and after the accident in which plaintiff was injured, and that the accident and the suit of the plaintiff against the assured did not disturb the friendly relations which had previously existed between the parties. That Mr. Pierson, plaintiff's husband, and the assured, on some date not disclosed, were at the office of Mr. Partain, a lawyer, where the accident was discussed, although the record fails to show what was said. That the assured was, or was probably, in a car which conveyed a witness to the trial of the case of the plaintiff against

the assured, although the evidence does not show on whose behalf the witness testified or what his testimony was. That the assured and his wife were at the Pierson home at or about the time of the trial of the case in the state court. That after the first trial of plaintiff's case against the assured—which resulted in a large verdict in her favor, which was set aside on appeal—and before the case was tried a second time, the defendant requested the assured to make an affidavit for a change of venue, which affidavit required him to swear that he believed that he could not obtain a fair and impartial trial in Johnson county on account of the undue influence of his adversary or of the undue prejudice against him or his defense in that county. That the assured stated to defendant's agent that he did not regard the first trial as fair, but that, before deciding whether to make the affidavit, he wished to consult an attorney whom he declined to name. That he did not make the affidavit; and notified defendant as follows: "I do not feel that I can truthfully sign this affidavit."

The assured was called by defendant as its witness, and upon cross-examination testified that he did not believe that he could not obtain a fair trial of the plaintiff's suit against him in Johnson county; that he consulted Mr. Partain about the affidavit for change of venue and was advised that if he did not believe it to be true, his failure to sign it would not constitute a failure to co-operate with the defendant.

At the close of the evidence, the court directed a verdict for plaintiff on the ground that there was no issue of fact for the jury's determination. The defendant took an exception.

Two questions are presented:

(1) Did the court err in striking part of the answer?

(2) Was it error to direct a verdict for plaintiff?

■ The portion of the answer stricken was one of two things, an allegation of wholly impertinent matter or an allegation of evidentiary matter. We shall assume that the conduct and demeanor of the assured before the state court jury which heard the plaintiff's case against him might be some evidence of collusion or lack of co-operation on the part of the assured. (Unless his conduct and demean- or was such evidence, the allegation was entirely irrelevant, since the policy contained no provision with reference to the conduct and demeanor of the assured at the trial.) But it was improper to plead that the assured's conduct and demeanor was such as caused the talk among the jurors and indicated lack of co-operation, since "for the purposes of pleading, the ultimate fact to be proven need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings." McAllister v. Kuhn, 96 U.S. 87, 89, 24 L.Ed. 615. See, also, Mitchell Woodbury Corporation v. Albert Pick Barth Co. (C.C.A.1) 41 F. (2d) 148, 150; Dunkel Oil Corporation v. Independent Oil & Gas Co. (C.C.A.7) 70 F.(2d) 967, 968; Self v. Sinclair Refining Co. (C.C.A.5) 69 F.(2d) 948. The ultimate fact to be proven by the defendant in this case was that the assured failed to co-operate as required by his policy and as alleged in the answer. Any facts or circumstances tending to prove that ultimate fact were admissible in evidence without being pleaded. The defendant's answer stated just as good a defense after the allegation in question was stricken as before.

■ The court did not err in directing a verdict for plaintiff. No other course was open. The assured's refusal to sign an affidavit which the evidence showed he believed to be false did not constitute a failure to co-operate with defendant. His statement that the first trial was unfair was no evidence that he believed a second trial would be unfair. The co-operation clause did not compel him to become hostile to the plaintiff or her husband. Apparently neither the assured nor Mr. Pierson was in the car at the time of the happening of the accident. The report of the accident shows that the occupants of the car were their wives. The evidence does not indicate that the plaintiff claimed that the assured or his wife had intentionally injured her. For all that the record in this case discloses, the facts in the plaintiff's suit against the assured, except as to the amount of damages, may have been undisputed, and the sole issue (except damages) may have been one of law. The continuance of the friendly relations between the assured and the plaintiff and her husband, under the circumstances, is not substantial evidence of

lack of co-operation. There is no claim that the assured failed to furnish the defendant with full information as to the accident, that he suppressed evidence, that he tampered with witnesses, or that he did anything to prevent a fair trial of the plaintiff's case against him.

The defendant contends that the conduct of the assured, as disclosed by the evidence, is consistent with the hypothesis that he failed to co-operate, and that the jury should have been permitted to say whether he co-operated or not. Evidence which is equally consistent with the hypothesis that he did not co-operate and with the hypothesis that he did co-operate tends to support neither hypothesis. Svenson v. Mutual Life Ins. Co. (C.C.A.8) 87 F.(2d) 441, 443, and cases cited therein. Under the evidence here, a finding by the jury that the assured failed to co-operate would have been based upon speculation and conjecture and could not have been sustained.

The judgment is affirmed.