ANNA G. PERRY v. JOHN J. REUTER.[1]

June 10, 1949.

No. 34,924.

---

[1]Reported in 38 N. W. (2d) 60.

*Charles H. Weyl*, for appellant.

*Millett V. O'Connell* and *John J. McBrien*, for respondent.

LORING, CHIEF JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial. Plaintiff was a guest in a defective automobile, owned by defendant, which went off the road into a ditch and turned over. She received injuries, for which a jury awarded her a verdict of $8,500. Plaintiff's husband was driving the car at the time of the accident, with the consent of the owner, defendant Reuter, who was a passenger.

Plaintiff was a woman of 54 years at the time of the accident. She and her husband, Charles F. Perry, operated a tavern at Hampton, Minnesota. The tavern was in Mrs. Perry's name, but the husband, wife, and daughter worked in the business. The license to sell beer may have been in the husband's name. On October 25, 1945, plaintiff had gone to Miesville to visit her son. She remained there overnight. On the evening of October 26, defendant and Mr. Perry went to Miesville in defendant's car to take plaintiff back to Hampton. Plaintiff wanted to return to Hampton because the daughter was alone in the tavern.

The arrangements to pick up Mrs. Perry were made between defendant and plaintiff's husband on the afternoon of October 26. On the way to Miesville in the evening of that day, defendant was driving the car. Early on the trip, Mr. Perry observed on two different occasions that the car came close to the edge of the road or ditch. The cause of this was a defective condition of the car. Perry testified:

"A. * * * I told him to slow up—he should slow up and be careful or we would go into the ditch.

"Q.  Did he say anything to you at that time?

"A.  Well, he said, 'I have taken it to the garage a couple of times; it don't steer very good, but I want to get rid of it anyway.' He slowed down and we just jogged along at a very low rate of speed.

"Q.  And he said that it hadn't been steering very well?

"A.  That's right."

About nine o'clock, plaintiff, Mr. Perry, and defendant started back toward Hampton. Perry was driving because Reuter had said, "You better drive back because I don't see very good anyway." On the way back, Perry noticed that the automobile was shimmying; therefore, he said he drove slowly. After the automobile had passed New Trier, the steering wheel locked, and Perry lost control of the automobile. He could not turn the wheel in any manner. The car seemed to go off at an angle to the left side of the road. Perry testified that he was not driving over 15 miles an hour, but that he was unable to stop the car with the brakes. It turned toward the ditch on the south side of the highway, went off onto a soft shoulder by a culvert, and then rolled on its side into a deep ditch. Plaintiff was severely injured.

■ Defendant's principal contention is that Mr. Perry was, as a matter of law, the agent of his wife, and, if not, that that question should have been submitted to the jury. We do not so regard the record. It is true that plaintiff, her husband, and daughter were operating a tavern at Hampton. The tavern was in the wife's name and the beer license may have been in the husband's. The daughter worked there; on what basis, the record does not state. It was obviously a family affair, out of which they all apparently made their living. The wife, plaintiff here, had been making a social visit at Miesville. Her husband wanted to get her home, and Reuter, defendant, was asked to go after her. He agreed, and Perry accompanied him. This arrangement was without the knowledge of plaintiff until the arrival of the two men in Miesville. There is no contention that the husband and wife, while traveling in the car, were

engaged in a joint enterprise. There could not well be under· the holding in Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643. The only contention is that the husband, in driving the car, was the wife's agent and that his negligence is imputable to her. The Kokesh opinion also answers this contention in the negative. See, also, Olson v. Kennedy Trading Co. 199 Minn. 493, 272 N. W. 381.

■ Another contention is that there was insufficient evidence to support a finding of Mr. Perry's negligence. He was aware of the defect in the steering mechanism on his way to Miesville when defendant was driving. He heard defendant's admission of it and also his explanation that the car had not been more adequately repaired because he wished to dispose of it. While Perry asserted that at the time of the accident he was going only 15 miles per hour, there was other evidence that he was going 25 miles per hour. The jury were justified in holding that, with the knowledge Perry had of the condition of the car, it was negligence to drive even at that normally moderate speed. Olson v. Buskey, 220 Minn. 155, 19 N. W. (2d) 57.

■ Considering the purchasing power of the shrunken dollar, we do not view the record as demonstrating that the amount of the verdict indicates that it was the result of passion or prejudice. Plaintiff's injuries were severe and, to considerable extent, permanent. She was 54 years of age when injured. After the accident, she was confined to her bed at home and in the hospital for an extended period of time. Because of the injury, she was unable to put in a full day's work in the tavern. Eight months after the accident, the Perrys sold the business in Hampton and moved to Hastings, where plaintiff was under the care of a doctor almost continuously. Defendant has failed to point out in what particulars the verdict is excessive or was influenced by passion or prejudice. Therefore it must stand. Mattfeld v. Nester, 226 Minn. 106, 136, 32 N. W. (2d) 291, 310, 3 A. L. R. (2d) 909.

Order affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.