GOLDIE RUGG v. EVERETT RUGG AND ANOTHER.
DALE RUGG v. SAME.[1]

December 7, 1951.

Nos. 35,522, 35,523.

[1]Reported in 50 N. W. (2d) 486.

*Freeman, King, Larson & Peterson,* for appellants.
*Plunkett & Plunkett,* for respondents.

LORING, CHIEF JUSTICE.

In the cases at bar, two actions for negligence in an automobile accident were consolidated for trial and for hearing here on appeal. One action was for personal injuries suffered by Goldie Rugg, a passenger in the car involved, and the other action was by her husband for hospital and doctor bills and loss of consortium.

The car involved was a 1935 Terraplane sedan owned by defendant Everett Rugg and driven by his daughter, Marilyn Rugg, the other defendant. About 8 a. m. on the morning of July 1, 1950—a clear, dry day—Marilyn was driving her sister Jayne and her sister-in-law, the plaintiff, from the Rugg farm five miles east of Austin to that city, where Marilyn and Goldie both worked. Goldie sometimes paid for gasoline for the car, but she never drove, not having learned how.

As they approached the eastern limits of Austin, Marilyn noticed something peculiar about the steering which caused a bumping or jerky reaction on the steering wheel. She misinterpreted this reaction as evidence of a flat tire, stopped the car, and got out to look at the tires. She found no flat tire, so resumed driving into town. Without stopping, she passed the Packard garage, where her father had been accustomed to have repair work done and where she could have conveniently obtained expert diagnosis of the steering difficulty. She continued on at 25 or 30 miles per hour until the right rear

wheel fell off the car, resulting in inability on her part to control the course of the car. It collided with a pole, completely wrecking the car and severely injuring Goldie.

Both plaintiffs had verdicts, the amounts of which are not challenged here. Defendants moved for judgments or new trials. The motions were denied, judgments were entered, and defendants have appealed. The grounds for the motions were identical in the two actions. On their motions for judgment, defendants challenged the verdicts as not supported by evidence of negligence or of connection of the alleged negligence as proximate cause, taking the position that the accident was unavoidable. The motions for judgments or for new trials were based on the following grounds:

"1. That plaintiff failed to prove any actionable negligence on the part of the defendants proximately contributing to cause the accident.

"2. That it appeared conclusively and as a matter of law that the defendants were free from negligence.

"3. It appeared conclusively and as a matter of law that the accident was unavoidable.

"If said motion be denied, the defendants will then move the Court for its order wholly setting aside the verdict herein and to grant to the defendants a new trial upon all issues. Said motion will be based upon the following grounds:

"1. Errors at law occurring during the trial and duly excepted to.

"2. That the verdict is contrary to law and evidence.

"3. That the Court erred in submitting to the jury under the statute the question of speed as to defendants' automobile."

All motions were denied. The errors assigned here are as follows:

"I.

"The Court erred in denying defendants' motions for directed verdicts.

"II.

"The Court erred in denying defendants' motions for judgment notwithstanding the verdicts.

"III.

"The Court erred in denying defendants' motions for new trials.

"IV.

"The Court erred in submitting to the jury the question of the speed of defendants' car, assigned as one of the grounds in defendants' motions for new trials."

The principal question presented for decision is whether the record discloses sufficient evidence of negligence and its connection as cause to sustain the verdicts.

A qualified expert witness for plaintiff with over 30 years' experience with mechanically deficient automobiles testified that he saw the defective wheel that came off the car here involved. From its condition and that of the holes for the four bolts which fastened the wheel to the hub, it was his opinion that the break could not have occurred unless the wheel had been loose; that the nature of the damage to the wheel and to the holes in it was such as to indicate that the wheel was improperly put on; and that the wheel was loose and would wobble badly and set up the thumping which Marilyn testified she got on the steering wheel and the vibration which resulted in the break. Defendants contend that, because the bolts were found to be tight after the wheel had broken off, the wheel itself was tight and could not wobble. This argument is refuted by the testimony of the expert as to the condition of the holes in the wheel disk. We give the foregoing evidence merely as background for our subsequent discussion of the conduct of defendant Marilyn, since, under the court's charge, the liability of defendant Everett Rugg depends entirely on whether Marilyn was negligent in such fashion as proximately to contribute to the accident. As the court charged the jury, without exception from plaintiff, defendants' liability depends exclusively on Marilyn's negligence in driving.

■ If the verdict against Marilyn is sustained by the evidence, then her negligence is chargeable to Everett under the owner's responsibility statute, since we may justifiably infer from the evidence that she was driving with his consent. She misinterpreted the re-

action of the wobbling wheel on the steering gear. That reaction continued after she had looked at the tires; but, without knowing what caused it, she continued to drive at close to the speed limit and passed, without stopping, the garage where she could have had expert determination of its cause and hazard. On the whole, we think that the evidence supports the jury's finding that, under the circumstances, she did not use ordinary prudence when she drove at the speed she did and that she should have realized that, with the reaction she was getting at the steering wheel, harm might come to someone from driving at that speed. See, Olson v. Buskey, 220 Minn. 155, 19 N. W. (2d) 57; Perry v. Reuter, 229 Minn. 44, 38 N. W. (2d) 60; Sweet v. Underwriters Cas. Co. 206 Wis. 447, 240 N. W. 199; 4 Dunnell, Dig. & Supp. § 6969; cf. Rappaport v. Stockdale, 160 Minn. 78, 199 N. W. 513. The jury might well find that her conduct in so doing was a proximate cause of the unfortunate collision with the pole, in that at that speed she could not control the car when the wheel came off.[2]

■ The only error of law properly assigned in this case is the giving of the language in M. S. A. 169.14 relative to speed that is greater than is reasonable and prudent under the existing conditions. This section is merely a statement of the common law and imposed no higher degree of care than the common law would have imposed. See, Olson v. Buskey, 220 Minn. 155, 163, 19 N. W. (2d) 57, 61, in which the statute is cited as proper.

■ Because there was no proper assignment of error, there is no question raised as to improper argument by counsel.

Judgments affirmed.

---

[2]For general discussions of due care and proximate cause, see Mingo v. Extrand, 180 Minn. 395, 397, 230 N. W. 895, 896; Rue v. Wendland, 226 Minn. 449, 33 N. W. (2d) 593; Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Morris, *Proximate Cause in Minnesota,* 34 Minn. L. Rev. 185; Prosser, *The Minnesota Court on Proximate Cause,* 21 Minn. L. Rev. 19; Note, 16 Minn. L. Rev. 829.

As to the concurrence of .joint cause, viz., the wheel's coming off and the acts of defendant, see Lunde v. National Citizens Bank, 213 Minn. 278, 280, 6 N. W. (2d) 809; Sauer v. Rural Co-op. Power Assn. 225 Minn. 356, 361-362, 31 N. W. (2d) 15, 17-18.