[No. 37440.   Department Two.   November 19, 1964.]

MARIE S. TRUDEAU, *as Guardian, Appellant,* v. ELIZABETH
B. HAUBRICK, *Respondent.**

*Schumacher & Charette,* for appellant.

*Parker & Parker,* for respondent.

FINLEY, J.—This is a lawsuit under the *host-guest* statute, RCW 46.08.080.  The existence of a host-guest relationship is not in issue.  A minor guest-passenger, through a guardian ad litem, is charging her host-driver, the defendant, with gross negligence in operating an automobile with defective brakes, thereby causing an accident resulting in injuries to the minor guest-passenger for which compensation or damages are sought herein.  Upon completion of plaintiff's case in the trial court, the defendant moved for a judgment of dismissal on the ground that the evidence was insufficient for the trial judge to allow the issues of

*Reported in 396 P. (2d) 805.

gross negligence and damages to be submitted to the jury. The trial judge granted the motion and entered judgment dismissing the action. The plaintiff-guest passenger has appealed.

The question is whether conduct—acts or omissions of the host-driver—amounted to *gross negligence* as the term is used in the statute and as it is construed and applied in the decisions of this court. We are constrained to grant a new trial, holding that the trial court erred in evaluating the plaintiff's evidence and in ruling, in effect, that it was insufficient to support a jury verdict that the defendant's conduct amounted to gross negligence under the host-guest statute.

We believe that the foregoing appropriately complies with the requirement of Art. 4, § 2, of the Washington State Constitution, that

" . . . In determination of causes all decisions of the court shall be given in writing and the grounds of the decision shall be stated. . . ."

This could and perhaps should end this appeal and our decision and disposition of the matter for at least two more reasons: (1) further elaboration will add little, if anything, to the law of this jurisdiction, and (2) further elaboration will add pages needlessly to the Washington Reports, at pointless expense to attorneys and others who must acquire the Reports and provide storage space for them. However, perhaps yielding to habit and to current appellate practice, we shall now proceed, as customarily, with a brief discussion of the evidence and the applicable (though by no means novel) principles of law.

The evidence in the record may be summarized as follows: Thirteen-year-old Sandra Trudeau, the plaintiff, was invited to visit at the Wyman residence. On the second day of her visit, Mr. Wyman passed away. Considering the circumstances, and believing that it would be good for the girls to get out of the house for a while, Mrs. Wyman requested her daughter, Betty Wyman (now Betty Haubrick) to take her sister, Janice Wyman, and Sandra Trudeau for

a ride. Neighborhood girl friends, Geri Lloyd and Carolyn Leuter, went along.

With Betty Haubrick driving, Carolyn Leuter in the center, Sandra Trudeau, the plaintiff, on their right on the front seat, and Geri Lloyd and Janice Wyman in the back seat, the girls turned off the main highway onto a gravel road which had numerous sharp turns and steep grades. As the car started up a hill, Betty Haubrick accelerated it rapidly. After it proceeded over the top of the hill and started down the grade, the brakes failed. The automobile left the road, and the trip ended in a smashup in which Sandra Trudeau was injured. It is at this point that the evidence becomes controversial.

A garage owner testified that 27 days before the accident Betty Haubrick had brought her car into his station, and he had filled the master brake cylinder by adding 4 ounces of brake fluid. Geri Lloyd testified that she had overheard Mr. Wyman tell his daughter, Betty Haubrick, not to use her car until she had brake fluid added. This was 2 or 3 days before the accident. The plaintiff testified that, as the car was going up the hill, someone had said, "Floor-board it, let's floor-board it." And, according to the plaintiff, defendant replied, "We don't have any brakes, but we can always use the emergency brake." After this statement, the defendant accelerated the speed of the car, and on the down grade lost all braking power.

The record shows a number of reasons given by the trial judge for his decision that the evidence was insufficient for the issue of gross negligence to be submitted to the jury. He indicated his disbelief of the testimony of plaintiff, Sandra Trudeau, and that, in his opinion, RCW 46.08.080 required that her testimony concerning lack of brakes be corroborated. The plaintiff was unable to find Carolyn Leuter, the girl who rode in the middle of the front seat; and Geri Lloyd, the only strictly *independent* witness, was sitting in the back seat and did not hear the statement. We think that the trial judge erred on several grounds: First, belief or disbelief of the testimony is for the jury. Second, RCW 46.08.080 does not require every

bit of evidence to be corroborated. It is only requisite that ". . . the proof of the *cause of action* is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: . . ." (Italics ours.) There was corroborating evidence that the defendant suddenly accelerated the car, that she had the master brake cylinder filled 27 days before the accident, and that, 3 days before the accident, her father had told her not to drive the car unless she had the master brake cylinder filled.

The trial judge also discounted Geri Lloyd's testimony that Mr. Wyman had told his daughter, the defendant, not to drive the car unless she had the master brake cylinder filled. The trial judge stated this testimony did not negate the possibility that the defendant, in fact, had the master brake cylinder filled, and that the testimony did not show that defendant had knowledge that the brakes were defective just because the fluid was low. While we disagree with the indicated conclusions of the trial judge, we will simply state again that these were matters within the province of the jury and not for the trial judge to determine.

■ We repeat the rule that,

". . . a challenge to the sufficiency of the evidence, a motion for dismissal or for directed verdict, or a motion for judgment notwithstanding the verdict admits the truth of the opponent's evidence, together with all reasonable inferences arising therefrom, and requires a most favorable interpretation thereof. No element of discretion is involved, and such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim. . . ." *Frasch v. Leedom*, 62 Wn. (2d) 410, 414, 383 P. (2d) 307 (1963).

It is our opinion that the trial judge did not give the required "favorable inferences" to the testimony for the plaintiff, but, instead, that he discounted it to support his decision to take the case from the jury. We are convinced that the evidence was sufficient to take the issue of gross negligence to the jury. Certainly, the evidence tended to show, or reasonably inferred, that the defendant had knowl-

edge of a serious defect in her car's braking system, and that she drove it despite this dangerous condition. A jury could reasonably find that facts here meet the requirements of *gross negligence*, or *lack of slight care*, under the law of this state. *Eastman v. Silva*, 156 Wash. 613, 287 Pac. 656 (1930).

We are convinced the evidence was sufficient to take the issue of the defendant's knowledge of the brake defect to the jury; and, furthermore, that reasonable men could differ as to whether this was gross negligence. Thus, a jury issue was presented. The order and judgment of dismissal of the trial court should be reversed and a new trial granted. It is so ordered.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.